JERRY E. SMITH, Circuit Judge,
dissenting in part:
Although I join the panel opinion insofar as it affirms the judgment holding unconstitutional the Dallas Fire Department’s “skip promotion” practice used to advance the “goals” of its affirmative action plan, I would also affirm the district court’s decision to allow those plaintiffs who sought the Deputy Chief position (“the Deputy Chief plaintiffs”) to proceed to trial on their claims. I therefore respectfully dissent in part.
The Deputy Chief plaintiffs vary from the other plaintiffs in an important respect. The promotion system for the other plaintiffs was strictly mathematical, so it is known that persons were promoted solely on the basis of race. The Deputy Chief, on the other hand, was appointed by Chief Dodd Miller. It is possible that he considered factors in addition to race in deciding whom to promote.
There is a genuine issue of material fact concerning Miller’s motivations. He may have followed the unconstitutional “skip promotion” practice by deciding who was qualified for the job, then promoting the qualified minority candidate, if one existed. If he did so, the promotion was just as illegal as were the other promotions.
In his affidavit, Miller swears that he considered factors other than race. He never states, however, that his decision was not ultimately controlled by the “goals” of the affirmative action plan.[1] The existence of that generally-enforced plan, with its generally-applicable “goals,” creates a genuine issue of material fact concerning Miller’s motivations. See Messer v. Meno, 130 F.3d 130, 137-39 (5th Cir.1997). For this reason, summary judgment was inappropriate, and this claim should proceed to trial.
Accordingly, because the judgment should be affirmed in its entirety, I respectfully dissent in part.

. The "goals” applied to across-the-board hiring decisions, including those regarding "Fire Executives,” such as Deputy Chiefs.